UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI M UYANIK, and others,<br>Plaintiffs,<br>v.<br>WAWANESA GENERAL INSURANCE COMPANY,<br>Defendant. | Case No. 22-cv-02361-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: ECF 35 |

Before the Court is Defendant Wawanesa General Insurance Company's motion to dismiss Plaintiffs Ali M. Uyanik and Dorothy Owens' first amended complaint ("FAC"). The FAC largely repackages the same allegations from Plaintiffs' original Complaint, which asserted that Defendant fraudulently marketed its products as "insurance" based on the exclusion of certain types of losses. The issue boils down to whether insurance companies, such as Defendant, must provide for all conceivable losses under California law, despite written contractual exclusions to the contrary. The answer, clearly, is no. Considering Plaintiffs cannot assert any facts to circumvent this foundational rule, the Court GRANTS Defendant's motion to dismiss without leave to amend.

**I.   BACKGROUND**

The facts, procedural history, and findings of law set forth in the Court's prior order will not be repeated in detail. *See* ECF 23. Only the key facts will be reiterated for clarity. In brief, both Plaintiffs purchased vehicle insurance policies from Defendant and were

subsequently involved in collisions. ECF 32 ¶¶ 32-35. Defendant attempted to make repairs to Plaintiffs' vehicles. *Id.* ¶¶ 32, 35. However, Plaintiffs allege that Defendant refused to fully compensate Plaintiffs for all suffered losses, including the vehicle's diminished resale value. *Id.* Plaintiffs filed suit alleging that Defendant fraudulently marketed a product as "insurance" when, in reality, it was a lesser "repair contract" based on the policy exclusions. The Court granted Defendant's first motion to dismiss Plaintiffs' five causes of action with leave to amend. *See* ECF 23.

Plaintiffs filed the FAC on August 4, 2022, re-alleging four causes of action for (1) fraud; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (3) violation of the California Business and Professions Code § 17200; and (4) violation of the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et. seq. The primary difference in the FAC's allegations is the additional claim that Defendant's failure to compensate Plaintiffs for the loss of use of their vehicles during repair evinces further fraudulent activity. *See* ECF 32 ¶ 40. Defendant now moves to dismiss the FAC. ECF 35. All parties have consented to the jurisdiction of a magistrate judge. ECF 14, 19.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Rule 9(b) imposes a heightened pleading standard for claims based on fraud, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake" including the time, place, and specific content of the false representations." Fed. R. Civ. P 9(b); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal citations omitted). Rule 9 requires that plaintiffs plead "the who, what, when, where, and how" of their fraud claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Plaintiffs must also detail "what is false or misleading about a statement, and why it is false." *In re Glenfed Sec. Lit.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

### III.   DISCUSSION

#### A.   Request for Judicial Notice

The Court first addresses Plaintiffs' requests for judicial notice included in the Opposition. ECF 36-1. Federal Rule of Evidence 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known" within the court's jurisdiction or can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal quotations omitted).

Plaintiffs' requests are two-fold. First, Plaintiffs request judicial notice of the initial Request for Judicial Notice (ECF 20-1) and all the facts therein. The Court will take judicial notice of the existence of the Initial Request for Judicial Notice as they are court records. *Harris*, 682 F.3d at 1132. However, the initial request was denied in the Court's prior order. *See* ECF 23 at 7. Given the remaining facts and documents in the request are identical to the previous request for judicial notice, the Court will not re-tread old ground.

3

Plaintiffs' request is denied.

The second request seeks judicial notice of Plaintiffs' motion for reconsideration and the attached exhibits. ECF 36-1 at 6. As above, the Court will take judicial notice of the existence of the motion for reconsideration as it is a publicly filed court record. *Harris*, 682 F.3d at 1132. The Court denies the Request for Judicial Notice of the attached documents as they are irrelevant to the issues presented before the Court. *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 399 n.7 (9th Cir. 2000).

### B.  First Cause of Action: Fraud

Plaintiffs' fraud claim centers on the theory that Defendant marketed and sold "illusory" insurance policies – which, according to Plaintiffs, do not amount to true insurance policies because they merely cover repair costs rather than the full panoply of potential losses. ECF 32 ¶ 37. The Court previously dismissed this claim because Plaintiffs failed to allege specific misrepresentations or explain why Defendant's representations were fraudulent. *See* ECF 23 at 9. Plaintiffs' fraud allegations still suffer from these same factual infirmities.

One of the cornerstone elements of fraud is the misrepresentation. *Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1256, 203 P.3d 1127, 1136 (2009). Rule 9(b) further requires plaintiffs to allege "the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." *Puri v. Khalsa*, 674 F. App'x 679, 687 (9th Cir. 2017).

Plaintiffs generally allude to two policy exclusions to substantiate their allegations of fraud: (1) diminution of value, and (2) loss of use. ECF 32 ¶ 40. Despite the Court's prior instruction, Plaintiffs fail to put forth any specific statements regarding either exclusion. Instead, Plaintiffs appear to allege that any statement by Defendant that it "engages in the sale of 'insurance'" is a misrepresentation. ECF 36 at 8. Putting aside the lack of any specific marketing, advertisements or promotions of Defendant's insurance policies, Plaintiffs further fail to explain how these generalized statements are false or misleading. Instead, Plaintiffs rely on a mistaken understanding that insurers must pay for

4

1  all loss, damage, or liability pursuant to the definition of "insurance" in the California
2  Insurance Code. *See* FAC ¶ 28. As this Court and others have repeatedly noted, however,
3  insurance companies may limit the breadth of their coverage to exclude reimbursement for
4  the diminution of an insured's vehicle. *See Tufano v. State Farm Mut. Auto. Ins. Co.*, No.
5  20-15995, 2021 WL 1043116 (9th Cir. Mar. 18, 2021); *Hennessy v. Infinity Ins. Co.*, 358
6  F. Supp. 3d 1074, 1079 (C.D. Cal. 2019); *Ramirez v. Allstate Northbrook Indem. Co.*, No.
7  2:21-cv-08560-SB-PVC, 2022 WL 2101773, at *3 (C.D. Cal. Feb. 2, 2022).

8       Moreover, Plaintiffs' attempt to create policy coverage for loss of use does not alter
9  the calculus. Plaintiffs' insurance policies with Defendant do not include the term loss of
10 use in the definition of "loss." *See* ECF 34 at 9. The only coverage that could potentially
11 pertain to loss of use is the provision to pay for rental car or public transportation expenses
12 "only in the event of the total theft" of the insured's vehicle. *Id.* at 10. Plaintiffs have not
13 alleged theft, nor can they simply create policy coverage out of whole cloth. *See Stanford*
14 *Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 627 (9th Cir. 1996) ("If coverage does not
15 exist under the insuring agreement, the inquiry is at an end."). Moreover, Plaintiffs'
16 allegations fail for the same reason as their diminution of value claims – insurance
17 companies may validly exclude some policy coverage as a normal business practice. *See*
18 *Baldwin v. AAA N. California, Nevada & Utah Ins. Exch.*, 1 Cal. App. 5th 545, 554 (2016).

19      Because Plaintiffs cannot allege any facts to circumvent the finding that their theory
20 of Defendant's fraudulent statements all stem from the same flawed interpretation of
21 California law, the Court GRANTS Defendant's motion to dismiss the fraud claim without
22 leave to amend.

23     **C.**    **Second Cause of Action: Violation of the Consumer Legal Remedies Act**
24      The CLRA prevents unfair methods of competition and unfair or deceptive acts or
25 practices "in a transaction intended to result or that results in the sale or lease of goods or
26 services to any consumer." Cal. Civ. Code § 1770(a). "Goods" pertain to "tangible
27 chattels," whereas "services" are defined as "work, labor, and . . . services furnished in
28 connection with the sale or repair of goods." Cal. Civ. Code §§ 1761 (a)-(b).

Numerous courts have noted that insurance is neither a good nor a service. *See e.g.*, *Fairbanks v. Superior Ct.*, 46 Cal. 4th 56, 61, 205 P.3d 201, 203 (2009); *Tufano*, No. 20-15995 at 136. The exclusion of insurance as a "service" under the CLRA is confirmed by the legislative history, where an earlier reference to insurance was specifically stripped from the final bill. *Fairbanks*, 46 Cal. 4th at 61. The provision of ancillary services, such as claims processing, also does not constitute "services" under the CLRA. *Id.* at 65.

Plaintiffs advance the same argument from their initial complaint that vehicles are tangible goods, thus Wawanesa's claims processing and repair payments constitute "services furnished in connection with the . . . repair of goods." ECF 32 ¶ 55. This argument remains unavailing. As Plaintiffs recognize throughout their pleadings, insurance is a "contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event." ECF 36 at 9 (quoting Cal. Ins. Code § 22). As is apparent from this definition, insurance is a contract between two individuals to indemnify for loss, not to repair tangible chattel. *See Fairbanks*, 46 Cal. 4th at 61; *See also Broberg v. The Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 925, 90 Cal. Rptr. 3d 225, 235 (2009) (noting insurance policies "are simply agreements to pay if and when an identifiable event occurs"). Further, the ancillary acts of insurance processing do not constitute services under the CLRA. *Fairbanks*, 46 Cal. 4th at 65.

There are no additional facts that Plaintiffs can allege to bring the operative insurance policies under the purview of the CLRA. Accordingly, the Court GRANTS Wawanesa's motion to dismiss this claim with prejudice.

**D. Third Cause of Action: Violation of California Business and Professions Code Sections 17203 and 17204**

Plaintiffs' claim under the California UCL statute seeks injunctive relief and restitution regarding Defendant's "advertising, marketing, or selling within California any purported 'insurance' policy that does not indemnify the insured against . . . 'all loss or damage.' " ECF 32 ¶ 67. Plaintiffs clarify that this claim does not allege Defendant's activity was illegal. ECF 36 at 11.

6

To the extent Plaintiffs claim is grounded in fraud, this approach fails for the same reasons as Plaintiffs' first cause of action – lack of particularized pleading under Rule 9(b). Moreover, as detailed in the Court's prior ruling, a reasonable consumer would not be misled by Defendant's representations because "the reasonable consumer would not think the term 'insurance' means that the policy will always cover diminished value, because consumers know that insurance policies are customizable and contain all types of exclusions." *Tufano*, 854 F. App'x 134, 135. The same reasoning applies to the loss of use exclusion.

For the same reasons as outlined for the first cause of action, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claim under the California UCL without leave to amend.

### E. Fourth Cause of Action: Violation of Federal Racketeering Influenced and Corrupt Organizations Act ("RICO")

Plaintiffs' RICO claim is similarly predicated on the theory that Defendant's advertising of its products as "insurance" constitutes mail fraud or wire fraud. Plaintiffs' RICO claim must satisfy the heightened pleading standard of Rule 9(b). *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). As noted previously, Plaintiffs have fallen short of meeting this burden.

Like the previous claims relying on Defendant's alleged fraudulent misrepresentations, Plaintiffs cannot allege any additional facts to overcome this barrier. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' RICO claim without leave to amend.

## IV. CONCLUSION

Based on the foregoing, coupled with the ample caselaw addressing Plaintiffs' precise issues, the Court must now conclude that further amendments would be futile. The Court GRANTS Defendant's motion to dismiss the entire first amended complaint WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: September 26, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge